# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

    v.

Reginald Cameron Bagby

February 22, 2013

Case No. CR12000202-00

By Judge J. Overton Harris

Before the court is the Commonwealth's motion in limine to admit certain evidence of other crimes. The court heard argument on February 13, 2013, and took the matter under advisement. Following a thorough review the court finds as follows.

## I. *Background*

Defendant is currently charged with robbery in Hanover. Defendant was previously convicted of one robbery in Henrico and one in Richmond. Hereinafter the robberies described above will be referred to as the "Hanover robbery," the "Henrico robbery," and the "Richmond robbery." Defendant was found guilty by a jury of the Henrico robbery, which conviction was upheld on appeal. Defendant entered a no contest "Alford Plea" in the Richmond robbery. The Commonwealth now seeks to introduce evidence from the Henrico and Richmond robberies and Defendant's convictions of those robberies, asserting such evidence would tend to show the identity of the Defendant as the perpetrator in the Hanover robbery due to the similarity in the incidents of the crimes.

## II. *Issues*

The preliminary issue is whether the Commonwealth is entitled to introduce evidence of other crimes pursuant to the identity exception of Supreme Court of Virginia Rule 2:404(b).

Secondarily, if the court finds the Commonwealth is so entitled, then should the evidence nevertheless be excluded pursuant to Supreme Court of Virginia Rule 2:403?

## III. *Rule of Law*

Supreme Court of Virginia Rule 2:404(b) reads:

> (b) *Other crimes, wrongs, or acts*. — Evidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith. However, if the legitimate probative value of such proof outweighs its incidental prejudice, such evidence is admissible if it tends to prove any relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge, *identity*, absence of mistake, accident, or if they are part of a common scheme or plan.

(Emphasis added.)
Supreme Court of Virginia Rule 2:403(a) reads:

> Relevant evidence may be excluded if: (a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; (b) the evidence is needlessly cumulative.

The Supreme Court of Virginia has held: "evidence of other crimes, to qualify for admission as proof of *modus operandi*, need not bear such an exact resemblance to the crime on trial as to constitute a "signature." *Spencer v. Commonwealth*, 240 Va. 78, 90, 393 S.E.2d 609, 616 (1990) (citing and adopting the standard from *United States v. Hudson*, 884 F.2d 1016 (7th Cir. 1989)). "Rather, it is sufficient if the other crimes bear a singular strong resemblance to the pattern of the offense charged." *Id.* (quotations omitted). "That test is met where the other incidents are sufficiently idiosyncratic to permit an inference of pattern for purposes of proof . . . thus tending to establish the probability of a common perpetrator." *Id.* (quotations omitted).

The Supreme Court of Virginia has gone on to explain: "[i]f the evidence of other crimes bears sufficient marks of similarity to the crime charged

to establish that the defendant is probably the common perpetrator, that evidence is relevant and admissible if its probative value outweighs its prejudicial effect." *Chichester v. Commonwealth*, 248 Va. 311, 327, 448 S.E.2d 638, 649 (1994).

## IV. *Analysis*

Defendant argues, before this court can decide whether to grant the Commonwealth's motion, it must first decide whether the Defendant's two prior convictions are sufficient to establish Defendant's identity in those matters. Defendant contends he never admitted to committing the robberies in Henrico and Richmond although he was found guilty by a jury to the one and pleaded no contest by an "Alford Plea" to the other. Defendant asserts there were objectionable errors in the Henrico trial which were not properly preserved for appeal and, had they been, the outcome would have been different. Defendant argues he never admitted guilt or conceded he was the perpetrator in the Henrico robbery. In the Richmond case, Defendant entered an "Alford Plea" and likewise never admitted his guilt or that he was the perpetrator. Thus, Defendant argues, should the court grant the Commonwealth's motion, it must provide the Defendant the opportunity to introduce rebuttal evidence on the issue of identity in the Henrico and Richmond cases within this case because the Defendant's identity had not been established in those cases. Further, Defendant argues he must also be provided the opportunity to introduce evidence from multiple robbery cases from this area in which Defendant is not the perpetrator but which bear similarities to the Hanover robbery. Finally, Defendant argues the Defense case alone herein could thus extend to several weeks and would be unduly burdensome on the court and the parties and confusing to the jury as the trier of fact. Therefore, Defendant concludes, even if otherwise probative, allowing the evidence from the Henrico and Richmond robberies would be unduly prejudicial to the Defendant.

"Conviction" is defined by *Black's Law Dictionary* as "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime. . . ." An Alford plea is one in which the defendant does not admit guilt, but rather concedes and pleads guilty or "no contest" rather than accepting the risks of trial.

Defendant was convicted in Henrico by a jury and has exhausted his appeals. Thus, the judicial process, notwithstanding any alleged procedural flaws, is complete and Defendant has in fact been found guilty of committing the Henrico robbery.

The court in the Richmond matter could not have entered the conviction on the Defendant's "Alford Plea," if it was not adequately persuaded that the evidence was sufficient to support the conviction. Defendant's guilt in the Richmond robbery has been established by the fact of the conviction.

The court finds Defendant's guilt and necessarily his identity as the perpetrator in the Richmond and Henrico robberies has been sufficiently established, by means of his convictions alone. Additionally, the issue of identity in those cases cannot be "retried" within the trial of the Hanover robbery because that issue has been determined and is res judicata. This court makes no finding at this time on how long any Defense case will take or what evidence may be admissible in rebuttal to the Commonwealth's proposed evidence, but, even assuming Defendant is correct on the estimated length and breadth of trial, this in and of itself does not lead to the conclusion that allowing the Commonwealth to proceed as requested would be unduly burdensome on the court and the parties, nor, more importantly, confusing to a jury as the trier of fact, and thus unduly prejudicial to the Defendant. The next question is whether the identity exception is applicable in this matter.

Defendant relies in part on the Supreme Court of Virginia's holding in *Scott v. Commonwealth*. In *Scott*, the Supreme Court of Virginia considered whether a trial court abused its discretion in granting a motion allowing the defendant to be tried for nine robberies at the same time. *Scott v. Commonwealth*, 274 Va. 636, 651 S.E.2d 630 (2007). The Commonwealth argued in support of its motion for joinder "that the robberies were part of a "common scheme or plan" and, therefore, could be tried together under the provisions of Rules 3A:6(b) and 3A:10(c)." *Id.*, 274 Va. at 639, 651 S.E.2d at 631. The Court contrasted the terms "common plan" and "common scheme" and held the Court of Appeals erred in affirming the trial court because it was not established that the offenses were part of a "common scheme or plan, within the meaning of Rule 3A:6(b). . . ." *Id.*, 274 Va. at 647, 651 S.E.2d at 636 (internal citations omitted). The court finds the Defendant's reliance on *Scott* is misplaced as that case is distinguished from this case in that, there, the courts were addressing the issue of common scheme or plan for purposes of joinder of charges for a single trial, whereas, here, the issue is whether the evidence tends to show identity of a common perpetrator.

In *Chichester*, a defendant was convicted by a jury of capital murder, robbery, and the use of a firearm in both offenses. *Chichester*, 248 Va. at 314. Evidence was admitted at trial of other robberies for the purpose of identifying the defendant. *Id.*, 248 Va. at 326. On appeal the defendant argued, "the only similarities between the two crimes were 'that they both were committed by two individuals who were masked wearing dark clothing [which] that evidence would have the same similarity of just about 100% of all robberies throughout the [n]ation let alone Virginia'." *Id.*, 248 Va. at 327. The Court, however, pointed out the following similarities:

> Both robberies occurred within nine days and in close geographic proximity to each other; both robbers were black, one was taller than the other, both were armed; both robberies

appeared to have been carefully planned to minimize the victims' opportunity to identify the robbers; both robbers wore masks and gloves; on each occasion, the taller man retrieved the spent cartridge after firing his gun; and, in both robberies, the robbers fled from the scene on foot, rather than in a vehicle, to minimize the possibility of its identification. Further, each robber appeared to be familiar with the premises and the role he was to play in the crimes. In both instances, the shorter man immediately went behind the counter to get the money from the cash register. . . .

*Id.* The Court upheld the admission of the evidence saying, "the two robberies were sufficiently idiosyncratic and similar to each other to support an inference of a pattern of operation and the probability of common perpetrators." *Id.*, 248 Va. at 328.

In *Rose*, a defendant was convicted by a jury of capital murder, robbery, and use of a firearm in the commission of a robbery. *Rose v. Commonwealth*, 270 Va. 3, 6, 613 S.E.2d 454, 455 (2005). Evidence that the defendant had committed another robbery prior to the one he was charged with was admitted at trial over his objections. The Supreme Court of Virginia found the trial court erred in admitting that evidence. Nevertheless, based in part on the defendant's own admissions, the Court affirmed his convictions, finding the admission of the prior crime evidence harmless error. *Id.*, 270 Va. at 13, 613 S.E.2d at 459.

The relevant facts in the prior robbery in *Rose* were the defendant "wore a stocking mask, dark jogging pants, and a hooded jacket, [and] eluded [a witness] by running up a hill through some dense 'really harsh' vegetation that included briars." *Id.*, 270 Va. at 7, 613 S.E.2d at 455. In the case tried in *Rose*, the defendant "wore a ski mask, a dark sweatshirt, and sweatpants" in the commission of the robbery. *Id.* The defendant's path of escape was subsequently tracked by a bloodhound which "indicated that the robber ran through an area that 'was overgrown with brush and vines and thorns'." *Id.*, 270 Va. at 7, 613 S.E.2d at 456. The Commonwealth argued, "the robberies were similar and that evidence of the prior robbery was properly used to identify [the defendant] as the perpetrator of the charged crimes." *Id.*, 270 Va. at 10, 613 S.E.2d at 457. The Court disagreed, citing the distinguishing facts of the two offenses, including, in the first robbery, the victim was hit with the perpetrator's fist and dragged across the ground, whereas, in the second, the victim was accosted at gunpoint with a short-barreled pistol. *Id.*, 270 Va. at 11, 613 S.E.2d at 458. Also the perpetrator only robbed the victim in the first case, whereas in the second, he "committed armed robbery and murder." *Id.* The Court noted, in the first robbery, the perpetrator wore a hood or stocking, whereas, in the second, he wore a mask. *Id.* The Court did note the similarity of the perpetrator's path of escape, including the briars;

however, the Court held the admission of the evidence of the defendant's prior criminal acts to prove his identity in the case in issue was error. *Id.*

In the case before this court, the Commonwealth seeks to admit Defendant's convictions for the Henrico and Richmond crimes and evidence of similarities between those crimes and this one. In support, they rely on the exception under Rule 2:404(b) that allows evidence of other crimes to be admissible if it tends to show identity. The Commonwealth argues, in all three of these crimes, the perpetrator: (1) wore similar clothes, (specifically they rely on the similarity of the large dark glasses worn in each crime and the similarity of the clothing in general); (2) used similar demand notes, which included similar handwriting and similarities in the use of exclamation points, the lack of apostrophes in contractions and other punctuation mistakes, the misspellings, the improper use of capitalization, random and repeated underlining, and the use of the term "stacks"; (3) committed the offenses at similar times of the day, and which were times Defendant was not at work; (4) demanded additional money; (5) used threatening language in the notes; and, (6) the crimes all occurred within an approximately thirty mile radius of each other.

The fact that similar large dark glasses were worn by the perpetrator in these three robberies and the offenses were each committed in the afternoon when Defendant was not working and within a reasonable proximity to each other all lend weight to the Commonwealth's position. The fact that the perpetrator demanded additional money, had poor grammar, and used threatening language would seem to be a common occurrence in bank robberies; however, the similarities in each of the three demand notes give rise to an inference that the same person wrote them. The court finds the incidents of the three robberies are sufficiently idiosyncratic to establish the probability that Defendant may have committed all three crimes. Thus, the evidence is admissible under the identity exception of Rule 2:404(b).

Thus, the final question becomes whether admission of the prior robberies and Defendant's convictions should nevertheless be excluded because "(a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice or (ii) its likelihood of confusing or misleading the trier of fact; (b) the evidence is needlessly cumulative."

In *Spencer*, a defendant was convicted by a jury of rape, breaking and entering with intent to commit rape, and capital murder. *Spencer*, 240 Va. at 82, 448 S.E.2d at 611. The defendant was also involved in three other rape-murders. *Id.*, 240 Va. at 87, 448 S.E.2d at 615. "At trial, the Commonwealth introduced evidence of numerous details of the other three crimes, showing [the defendant's] involvement with each of them, as well as their similarities with the case on trial" for purposes of identifying the perpetrator. *Id.*

In *Spencer*, the Court said, "[a]lthough there was undoubtedly a prejudicial effect upon the defendant, we cannot say that the trial court abused its discretion in ruling that the prejudicial effect was outweighed by

the probative value of that evidence." *Spencer*, 240 Va. at 91, 393 S.E.2d at 617. In the *Spencer* case, the similarities were, *inter alia*, the defendant's opportunity to commit the crimes, at least six descriptive similarities in the methods used by the defendant, the similarities in the victims, the close proximity of the victims' residences, and similarities in the forensic evidence.

The similarities herein may be summarized as follows. Defendant's opportunity (his being off from work on the days of the robberies) to commit the crimes; his alleged methods, including his attire and his use of similar demand notes, and, the proximity of the locations of the robberies (although the locations are in three different jurisdictions they are still in a relatively close proximity).

As in *Spencer*, the probative value of the evidence here is strong and weighs in favor of admission. The evidence is admissible because the incidents of the Richmond, Henrico, and Hanover robberies are sufficiently idiosyncratic to permit an inference that Defendant is probably the common perpetrator. The Defendant himself has suggested means by which he may seek to rebut or impeach the Commonwealth's evidence as to the similarities between the robberies. The probative value is not outweighed by the danger of unfair prejudice and the likelihood of confusing or misleading the trier of fact, and the evidence is not needlessly cumulative.

## V. *Conclusion*

The incidents of the Henrico and Richmond robberies are sufficiently similar to those of the Hanover robbery to permit an inference that Defendant is probably the common perpetrator in all three. Also, the probative value of the evidence outweighs the risk of unfair prejudice because the defense is not powerless to rebut or impeach the Commonwealth's evidence. For the aforementioned reasons the Commonwealth's motion is granted. The court shall prepare the order, and the parties are directed to schedule a trial date.